ERIE R. CO. v. STAR & CRESCENT MILLING CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908.)

No. 1,405.

CARRIERS—CONNECTING CARRIERS—TRANSPORTATION OF FREIGHT—STORAGE—NEGLIGENCE.

Where a connecting carrier permitted flour to remain in its warehouse for 49 days before forwarding the same because of a shortage of cars, without notifying the shipper, knowing that the detention would be unusual, thereby preventing the shipper from protecting itself by insurance, and the flour was totally or partially destroyed by the burning of the

warehouse, the carrier was chargeable with such negligence as made it responsible for the loss of the flour, notwithstanding a provision in the bill of lading that no carrier should be liable for the loss of the goods or damage thereto by fire.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Seymour Edgerton, for plaintiff in error.
Fred D. Silbur, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The action in the Circuit Court was by the defendant in error against the plaintiff in error, to recover damages for the loss of a certain shipment of flour from Chicago to New York, and resulted in judgment for the value of the flour and interest.

The bills of lading contained a provision that "no carrier in possession of all or any of the property herein described, shall be liable for any loss thereof, or damage thereto, by causes beyond its control, or floods, or by fire." The flour having arrived in Buffalo by way of the lakes was, owing to a shortage of cars of the plaintiff in error, detained in the transfer warehouse for forty-nine days, at the end of which time it was either totally or partially destroyed in a fire in such warehouse.

There was evidence offered tending to show that at the time the flour was accepted, the car shortage at Buffalo was known to the plaintiff in error, but that no notice of that fact was given to the defendant in error; and no notice of the detention was given to the defendant in error during the forty-nine days that the flour was detained.

Assuming that the failure of the plaintiff in error to deliver the goods at the destination named in the bill of lading was due to the fire at Buffalo in the transfer warehouse of the plaintiff in error, we are compelled to affirm this judgment; for we think that the plaintiff in error's act in permitting the flour to remain in its warehouse without notice to the milling company, and with knowledge that the detention, owing to the blockade of cars, would be unusual, thereby preventing the milling company from protecting itself by insurance, was such negligence as made the railroad company responsible for its safety.

The judgment of the Circuit Court will be affirmed.